IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-03347-PAB-KAS

STEVEN MCCRANIE,

Plaintiff,

v.

MOLLY GAVINSKI, and
JOHN DOE #1,

Defendants.

---

**ORDER**

---

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Plaintiff's **Motion for Leave to Amend Plaintiff's Expert Report** [#112] (the "Motion"). Defendant filed a Response [#118], and Plaintiff filed a Reply [#121]. The Motion [#112] has been referred to the undersigned.[1] *See Memorandum* [#113]. The Court has reviewed the briefs, the case file, and the applicable law. For the reasons stated below, the Motion [#112] is **GRANTED**.

## I. Background

This action arises from a January 12, 2022 assault at Colorado State Penitentiary in which Plaintiff Steven McCranie, an inmate who renounced his gang affiliation, was attacked by an active member of a white supremacist gang. *Order* [#39] at 2. Plaintiff's remaining claim in this matter is a single Eighth Amendment failure to protect claim

---

[1] All parties do not consent to magistrate judge jurisdiction. *See Signed Consent/Non-Consent Form* [#15]; *Order Referring Case* [#18].

against Defendant Molly Gavinski, the officer who opened the door to allow the attacker into Plaintiff's pod. *Id.* at 25.

During discovery, Plaintiff retained and disclosed Patrick Hurley as an expert in correctional policies, procedures, and practices. At the close of the discovery period, Defendant filed a motion to limit his testimony pursuant to Fed. R. Evid. 702. *Rule 702 Motion* [#89]. Defendant argued, in relevant part, that Mr. Hurley's report contains legal conclusions, opinions on Defendant's state of mind and knowledge, opinions unsupported by methodology or basis, and other objectionable statements. *Id.* at 6-11. Defendant did not appear to allow sufficient time for adequate conferral before filing the Rule 702 Motion [#89]. Accordingly, Plaintiff filed a Response [#104] in which he appeared to accept some of the feedback offered in the Rule 702 Motion [#89], and proposed substitute "language to which Hurley will be confined in place of each potentially objectionable phrase Defendant has flagged." *Rule 702 Response* [#104] at 2. In her Reply, Defendant accused Plaintiff of "seek[ing] to improperly change the expert report." *Rule 702 Reply* [#111].

On the same day as the filing of Defendant's Rule 702 Reply [#111], Plaintiff filed the instant Motion for Leave to Amend Report [#112]. In an attempt to mitigate some of Defendant's objections, Plaintiff's expert drafted an amended report making "stylistic, clarifying adjustments." Although Defendant told Plaintiff that *some* of changes satisfy her objections, Defendant opposes the instant Motion [#112] because the supplement does not fully assuage *all* her concerns. *Response* [#118].

## II. Legal Standard

Federal Rule of Civil Procedure 26(a)(2)(A) requires that "a party must disclose to the other parties the identity of any witness it may use at trial" to present expert testimony.

"[I]f the witness is one retained or specially employed to provide expert testimony in the case," the disclosure must be accompanied by a written report that contains "a complete statement of all opinions the witness will express and the basis and reasons for them[.]" Fed. R. Civ. P. 26(a)(2)(B)(i). The party must then supplement that disclosure "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect[.]" Fed. R. Civ. P. 26(e)(1)(A); *see also* Fed. R. Civ. P. 26(a)(2)(E).

"[A]n expert's initial Rule 26 report cannot always anticipate every possible challenge to the report." *Miller v. Pfizer, Inc.*, 356 F.3d 1326, 1332 (10th Cir. 2004). Accordingly, supplementation may be appropriate when "based upon additional or corrective information that was not available at the time of the expert's original report." *SEC v. Nacchio*, No. 05-cv-00480-MSK-CBS, 2008 WL 4587240, at *3 n.3 (D. Colo. Oct. 15, 2008).

Rule 26(e)(1), however, cannot "be used as a vehicle to disclose entirely new expert opinions after the deadline established by the court." *Reams v. Landstar Ranger, Inc.*, No. 23-cv-03005-PAB-KAS, 2026 WL 2444527, at *2 (D. Colo. Aug. 20, 2026) (quoting *Booker v. P.A.M. Transp., Inc.*, No. 2:23-cv-18 WJ/KRS, 2024 WL 4664420, at *8 (D.N.M. Nov. 4, 2024)). A supplemental report that states "additional opinions or rationales"—or that "seeks to 'strengthen' or 'deepen' opinions" originally expressed—"exceeds the bounds of permissible supplementation and is subject to exclusion under Rule 37(c)." *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1169 (D. Colo. 2006). Neither does Rule 26(e) allow supplementation because "the expert did an inadequate or incomplete preparation" the first time around. *Nacchio*, 2008 WL 4587240, at *3 n.3 (quoting *Akeva, LLC v. Mizuno Corp.*, 212 F.R.D. 306, 310 (M.D.N.C.2002)). "To rule

otherwise would create a system where preliminary [expert] reports could be followed by supplementary reports and there would be no finality to expert reports, as each side, in order to buttress its case or position, could 'supplement' existing reports and modify opinions previously given." *Cook*, 580 F. Supp. 2d at 1169 (quoting *Beller ex rel. Beller v. United States*, 221 F.R.D. 689, 695 (D.N.M. 2003)).

Here, the affirmative expert disclosure deadline was February 4, 2026. *See Minute Order* [#83]. Therefore, the proposed supplement is untimely and subject to Rule 37(c), which provides that information disclosed in violation of Rule 26(a) will be excluded from trial unless such failure was substantially justified or is harmless. FED. R. CIV. P. 37(c)(1). Courts apply the following factors to determine whether a Rule 26(a) violation is justified or harmless: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Woodworker's Supply, Inc., v. Principal. Mut. Life*, 170 F.3d 985, 993 (10th Cir. 1999).

## III. Analysis

As an initial matter, the Court notes that parties have a continuing obligation to supplement their disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). Therefore, the Court need not specifically approve a plaintiff's request to make supplementations. *See Sweeney-Miran v. City of Boulder*, No. 24-cv-00051-RMR-SBP, 2025 WL 1333858, at *3 (D. Colo. May 7, 2025); *see also Carroll v. SAFECO Ins. Co. of Am.*, No. 20-cv-00219-REB-NYW, 2020 WL 7664731, at *3 (D. Colo. Dec. 24, 2020) ("Plaintiff's obligation to supplement under Rule 26(e)(1)(A) continues after discovery closes and does not require a court order.") (quotation omitted). When an opposing party

believes that a supplement is improper, that party may seek a discovery sanction pursuant to Rule 37. Accordingly, the issue is frequently raised to the Court via a motion to strike, or more precisely, a motion to exclude the supplemental opinion during trial. *See Ma v. Am. Nat'l Prop. & Cas. Co.*, No. 24-cv-00191-DDD-CYC, 2025 WL 2494527, at *1 (D. Colo. Aug. 29, 2025).

The instant Motion [#112] does not arise in that familiar posture. Nevertheless, the Court must construe the Federal Rules of Civil Procedure to secure the "just, speedy, and inexpensive determination of every action and proceeding." FED. R. CIV. P. 1. Therefore, the Court will construe the parties' arguments as if they were raised in the context of a request for a Rule 37(c) discovery sanction and will determine whether the subject supplement is subject to exclusion.

**A. New Opinions**

A supplemental report that states additional opinions is subject to exclusion under Rule 37(c). *Cook*, 580 F. Supp. 2d at 1169. Here, Defendant identifies six modifications to the original report that she finds objectionable:

1. The expert stated that Gavinski deviated from "generally accepted correctional practices" or failed to act as a "reasonable officer."
2. He added that Defendant knew Plaintiff's pod was the functional equivalent to protective custody.
3. He removed the word "recklessly" from an opinion.
4. He added that Defendant admitted having knowledge of the attacker's violent history.

5. He added that Defendant created "a substantial risk of serious harm by departing from generally accepted correctional practice, which the verification and clearance procedures were instituted precisely to protect against."
6. He swapped the phrase "disregarding safety controls and procedures" for "circumventing safety controls and procedures."

*Response* [#118] at 3-4. Although Defendant characterizes some of these modifications as "new opinions," the Court is not persuaded. The crux of Defendant's argument is not that Mr. Hurley has reached *new* opinions in this matter. Indeed, many of the above statements, including references to "generally accepted correctional practices" or Defendant's "failure to act as a reasonable officer" exist in the original report. Instead, Defendant's opposition seems to stem from the fact that she finds Plaintiff's attempt to correct the problems identified in the original Rule 702 Motion unsatisfactory. Accordingly, this dispute is not a matter of substance, but of semantics. Additionally, whether Defendant knew or admitted something is a fact, not an opinion. *AECOM Tech. Servs., Inc. v. Flatiron | AECOM, LLC*, No. 19-cv-02811-WJM-KAS, 2023 WL 6461048, at *4 (D. Colo. Sept. 25, 2023).

Defendant's concerns are certainly fair game for a Rule 702 motion, a motion in limine, or an objection during trial. They are not, however, grounds for exclusion pursuant to Rule 37(c) on the basis that the opinions are "new."

**B. Prejudice and Ability to Cure**

Defendant asserts prejudice in the form of additional fees and expenses. The Court finds Defendant's assertion of incurable prejudice exaggerated. Indeed, more adequate and robust conferrals in the days and weeks leading up to the Rule 702 motion deadline

may have prevented much of this motion practice, or at least significantly narrowed the issues, and saved both sides considerable time and expense. The inconvenience to Defendant in having to further explore this supplement is, unfortunately, the consequence of her failure to allow sufficient time for conferral in advance of the Rule 702 motion deadline, or at a minimum, to move for an extension of the Rule 702 motion deadline to allow for these conferrals to take place. But to raise resolvable concerns to the Court and then allow Plaintiff no meaningful opportunity to fix them reeks of gamesmanship. *See Silver Mesa Homeowners Ass'n, Inc. v. GAF Materials, LLC*, No. 22-cv-1990-CNS-TPO, 2025 WL 3306345, at *4 (D. Colo. Aug. 19, 2025) (declining "to reward Silver Mesa HOA's strategic decision to strike the Haag Research December supplement rather than engage in the discovery process in good faith."). Further, to the extent that reopening Mr. Hurley's deposition to explore these linguistic changes is necessary at all, the Court believes that such a deposition could be accomplished in short order.

**C. Disruptiveness to Trial**

At the time Plaintiff filed the instant Motion [#112], District Judge Brimmer had not yet set the case for trial. Judge Brimmer has since set a trial date to commence in late July 2027—over six months from now. Thus, any limited discovery required to mitigate prejudice to Defendant can be easily accommodated without disrupting the current trial schedule. *See id.* (holding that striking a supplement was inappropriate where the moving party had many months to "prepare for and execute a two-hour Zoom deposition").

### D. Bad Fatih

Defendant concedes that this factor is not relevant because there is no indication that Plaintiff acted in bad faith. Therefore, the relevant factors weigh against the imposition of a discovery sanction in the form of Rule 37(c) exclusion.

## IV. Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#112] is **GRANTED**.

IT IS FURTHER **ORDERED** that Defendant is authorized to reopen Mr. Hurley's deposition and is limited to **two hours of on-the-record time**, not including any follow-up or clarifying questions from Plaintiff. The parties shall limit their questioning to the new material in the supplement. Such deposition shall be conducted no later than **Friday, December 11, 2026**.

IT IS FURTHER **ORDERED** that Defendant is given leave to supplement or amend her Rule 702 Motion [#89] as to Mr. Hurley no later than **Monday, January 11, 2027**.

Dated: November 12, 2026

BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge